[L. A. No. 15630.   In Bank.—March 1, 1939.]

PEARL S. CANFIELD, Appellant, v. SECURITY–FIRST NATIONAL BANK OF LOS ANGELES (a Corporation) et al., Respondents.

J. M. Danziger, Charles A. Buckley, Goodman, Bachrack & Brownstone, R. M. J. Armstrong and Herman A. Bachrack for Appellant.

David R. Rubin, Newlin & Ashburn, A. W. Ashburn, McCutcheon, Olney, Mannon & Greene and J. M· Mannon, Jr., for Respondents.

WASTE, C. J.—This is an appeal by the plaintiff from a judgment of dismissal entered after order sustaining demurrers to the amended complaint without leave to amend. The case is a companion case to L. A. No. 16083, L. A. No. 16085 and L. A. No. 16086, this day decided (*ante*, p. 1 [87 Pac. (2d) 830]).

The complaint here involved was filed after entry of judgment against plaintiff in the first Canfield case, and while the appeal from the judgment in that case was pending. Apparently, plaintiff filed this present action largely to

cure certain possible defects in her original complaint. The trial court in the present case sustained the demurrers before the determination by the District Court of Appeal on the first Canfield appeal (*Canfield* v. *Security-First Nat. Bank,* 8 Cal. App. (2d) 277 [48 Pac. (2d) 133]) that a similar complaint did state a cause of action.

Respondents contend that the determination of the validity of the complaint filed in the prior Pearl Canfield case is not decisive here for several reasons. In the first place it seeks to reargue the several points decided on the prior appeal. In the second place respondents contend the present complaint pleads the terms of the decree of distribution in the estate of Charles A. Canfield, while the prior complaint was based on the provisions of the will. These contentions were also urged in the companion cases this day decided, and found to be without merit.

The present complaint was filed apparently out of an abundance of caution to protect appellant Canfield's rights while the prior complaint was being tested on appeal. This appellant's rights have been fully protected by the decision this day filed in the companion cases. There would appear to be no reason why all the issues presented by this complaint should not be tried with the companion cases. Undoubtedly this cause will be consolidated for trial with the other cases.

For the foregoing reasons the judgment appealed from is reversed.

Curtis, J., Seawell, J., Nourse, J., *pro tem.,* and Shenk, J., concurred.

Edmonds, Houser and Langdon, JJ., did not participate in the consideration and decision of this case. Nourse, J., sitting *pro tempore,* for the latter justice who was disqualified.

Rehearing denied.